FILED

**APPLICATION UNDER 28 U.S.C. § 2241 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE OR FEDERAL CUSTODY**
(Do not use as a § 2254 or as a § 2255)

## UNITED STATES DISTRICT COURT

_Middle_ _____ District of _Florida_ _____

Case No. _5:23-cv-156-PG-B-PRL_
(Clerk will supply)

Name and Prison Number: _John Edward Bradham #17035-104_

Place of Confinement: _F.C.C. Coleman Medium_

Name of Applicant: _John Edward Bradham_
(include name under which convicted)

Name of Respondent: _Mr. S. Salem_
(Name of Warden)

### APPLICATION

1.  Name and location of court which imposed the sentence you challenge: _United_
    _States District Court for the Middle District of Florida_

2.  Date of judgment of conviction: _May 23, 2018_

3.  Length of sentence imposed: _262 months_

4.  Nature of offense(s) of conviction (all counts): _Count 1: Possession_
    _with intent to distribute a detectable amount of_
    _cocaine (21 U.S.C. §§ 841(a)(1), (b)(1)(C)). Count 2: Poss-_
    _ession of a firearm and ammunition by a convicted felon (18 U.S.C. §§_
    _922(g)(1) and 924(e))._

5.  What was your plea as to each count? (Check one)

    G   Not Guilty

    G   Guilty

    G   Nolo contendere

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_N/A_

6. If you pleaded not guilty, what kind of trial did you have? (Check one) (G Jury) G Judge only

7. Did you testify at the trial? G Yes (G No)

8. Did you appeal from the judgment of conviction? (G Yes) G No

9. If you did appeal, answer the following:

(a) Name of Court: _U.S. Court of Appeals for the Eleventh Circuit_

(b) Result: _Affirmed_

(c) Date of result and citation, if known: _Unknown_

(d) Grounds raised: _Plain Error_

(e) If you sought further review of the decision on appeal by a higher court, answer the following:

(1) Name of Court: _N/A_

(2) Result: _N/A_

(3) Date of result and citation, if known: _N/A_

(4) Grounds raised: _N/A_

(f) If you filed a petition for certiorari or appeal in the Supreme Court of the United States as part of that direct appeal, answer the following:

(1) Name of Court: _Supreme Court of the United States_

(2) Result: _N/A_

(3) Date of result and citation, if known: _N/A_

(4) Grounds raised: _N/A_

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal (a post-conviction proceeding)?      ☐  Yes,    (☐ No)

11.    If your answer to 10 was "Yes," answer the following:

    (a)    First post-conviction proceeding:

        (1)    Name of Court: _N/A_

        (2)    Nature of proceeding: _N/A_

        (3)    Grounds raised: _N/A_

        (4)    Did you receive an evidentiary hearing?    ☐ Yes    (☐ No)

        (5)    Result: _N/A_

        (6)    Date of result: _N/A_

    (b)    Second post-conviction proceeding:

        (1)    Name of Court: _N/A_

        (2)    Nature of proceeding: _N/A_

        (3)    Grounds raised: _N/A_

        (4)    Did you receive an evidentiary hearing?    ☐ Yes    (☐ No)

        (5)    Result: _N/A_

        (6)    Date of result: _N/A_

    (c)    Did you appeal to the highest court having jurisdiction the result of the post-conviction proceeding(s)?

        (1)    First proceeding:    ☐ Yes    (☐ No)

        (2)    Second proceeding:    ☐ Yes    (☐ No)

(d)    If you did *not* appeal from the adverse result of the post-conviction proceeding(s), explain briefly why you did not:

N/A — Counsel was in effective for not doing so.

12.    If you have *not* been convicted, answer the following:

(a)    Type of decision or action you challenge:    N/A

N/A

(b)    Who made the decision?    N/A

(c)    Date of decision:    N/A

(d)    Was there a hearing of any kind?    G Yes    Ⓖ No

Hearing conducted by:    N/A

Location and date:    N/A

Result:    N/A


## Exhaustion of Administrative Remedies


13.    If your claim concerns a FEDERAL PAROLE matter, answer the following:

(a)    Did you appeal the decision to the National Appeals Board of the U.S. Parole Commission?    G Yes    Ⓖ No

(b)    Appeal filing date:    N/A

(c)    Grounds raised:    N/A

N/A

(d)    Result:    N/A

(e)    Date of result:    N/A

14. If your claim concerns computation of your FEDERAL sentence, or a claim other than FEDERAL parole, answer the following:

    (a)    Did you attempt to resolve your complaint informally?    G Yes  (G No)

    (b)    Did you appeal to the Warden?    G Yes  (G No)

    (c)    Did you appeal to the Regional Director?    G Yes  (G No)

    (d)    Did you appeal to the General Counsel?    G Yes  (G No)

If you did not use the Administrative Remedy Procedure, explain why you did not do so:

N/A

N/A

15. If you are a STATE prisoner, answer the following:

Did you exhaust all administrative remedies available to you?    G Yes  (G No)

If you did not exhaust your administrative remedies, explain why you did not do so:

N/A

N/A

16. Have you filed any previous lawsuits related to your present claims(s)?  G Yes (G No)

    (a)    Name and location of Court:  N/A

    (b)    Case number and style:  N/A

    (c)    Nature of lawsuit:  N/A

    (d)    Grounds raised:  N/A

    (e)    Result and date:  N/A

## Grounds for Relief

17.  State *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

**CAUTION: If you fail to set forth all grounds in this application, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list of the most frequently raised grounds for relief in applications for writs of habeas corpus pursuant to 28 U.S.C. § 2241. You may raise any grounds which you may have other than those listed. However, you should raise in this application all available grounds (relating to this conviction or sentence) on which you base your allegations that you are being held in custody unlawfully.

**Do not** check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check one or more of these listed grounds.

(i)    U. S. Parole Commission unlawfully revoked my parole.
(ii)   Federal Bureau of Prisons unlawfully computed my sentence.
(iii)  Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
(iv)   Federal Bureau of Prisons or State prison system unlawfully revoked my good-time credits.
(v)    There is an unlawful detainer lodged against me.
(vi)   I am a citizen and domiciliary of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
(vii)  The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a § 2254 petition or a § 2255 motion.

(a)  Ground One: Supporting FACTS (state *briefly* without citing cases or law): The Petitioner is actually innocent of his Rehaif v. United States, 139 S. Ct. 2191 (2019) Claim.

(b)  Ground Two: Supporting FACTS (state *briefly* without citing cases or law): The Petitioner is actually innocent.

(c)    Ground Three: Supporting FACTS (state *briefly* without citing cases or law): _____

_N/A_

_N/A_

(d)    Ground Four: Supporting FACTS (state *briefly* without citing cases or law): _____

_N/A_

_N/A_

18.    If any of the grounds listed in 17(a), (b), (c), and (d) were not previously presented in any other court, either state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _N/A_

_N/A_

_N/A_

19.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment/decision under attack?    G Yes    Ⓖ No

20.    Give the name and address, if known, of each attorney who represented you in the following stages of judgment/decision attacked herein:

(a)    Preliminary hearing: _Robin J. Farnsworth, Ft. Lauderdale, FL_

(b)    Arraignment and plea: _Robin J. Farnsworth, Ft. Lauderdale, FL_

(c)    Trial: _Robin J. Farnsworth, Ft. Lauderdale, FL_

(d)    Sentencing: _Robin J. Farnsworth, Ft. Lauderdale, FL_

(e)    Appeal: _Robin J. Farnsworth, Ft. Lauderdale, FL_

(f)    Post-conviction proceeding: _Pro-se_

(g)    Appeal from any adverse ruling in a post-conviction proceeding: _Pro-se_

_Pro-se_

21.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?  G Yes    Ⓖ No

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    G Yes   (G No)

   (a)  If so, give name and location of court which imposed sentence to be served in the future:

   _N/A_

   _N/A_

   (b)  Give date and length of the above sentence:  _N/A_

   _N/A_

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    G Yes   (G No)

**Wherefore,** the applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding.

X _____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

Executed On:  _____
(Date)

X _____
Signature of Applicant

Page 8 of 8

UNITED STATES DISTRICT COURT FOR THE MIDDLE

DISTRICT OF FLORIDA (TAMPA DIVISION)

Case No.: 18-60009-CR-COHN/SELTZER

TITLE 28 U.S.C. § 2241(c)(3) MOTION/

PETITION/MEMORANDUM OF LAW

Pro-se by:
John E. Bradham
#17035-104
F.C.I. Coleman Medium
P.O. Box 1032
Coleman, FL 33521

## Table of Contents

                                                          Page(s)

Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities. . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . v

Argument One. . . . . . . . . . . . . . . . . . . . . . . .. 2

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Service. . . . . . . . . . . . . . . . . . . 5

## JURISDICTION

This Honorable Court has jurisdiction to hear this case, based on Title 28 U.S.C. § 2241(c)(3), § 2255(e), and § 1291–1292.

<u>Table of Authorities</u>

Page(s)

Rehaif v. United States, 139 S. Ct. 2191 (2019). . . . . . . . . . . . . 2,3,4

United States v. Wary, 106 F.3d 28, 30 (2nd Cir. 1939). . . . . . . . . . . .3

Carper v. Ohio, 27 Ohio St. 572, 575-576 (1875). . . . . . . . . . . . . .3

Commonwealth v. Hindu, 101 Mass. 209, 210 (1869). . . . . . . . . . . . . .3

Poindexter v. Nash, 333 F.3d 372, 378 (2nd Cir. 2003). . . . . . . . . . .3

In re Jones, 226 F.3d 328; 333-334 (4th Cir. 2000). . . . . . . . . . . . .3

Wooten v. Cauley, 677 F.3d 303, 307-308 (6th Cir. 2012). . . . . . . . . .3

Brown v. Carsway, 719 F.3d 583, 586-587 (7th Cir. 2013). . . . . . . . . .3

Abdullah v. Hedrick, 392 F.3d 957, 963-964 (8th Cir. 2004). . . . . . . . .3

Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). . . . . . . . . . .3

In re Smith, 285 F.3d 618, 350 U.S. App. D.C. 354 (D.C. 2002). . . . . . . . . . .3

<u>Statutes</u>

Page(s)

28 U.S.C. § 2241(c)(3) . . . . . . . . . . . . . . . . . iii, iv, 1, 4, 5

28 U.S.C. § 2255(e) . . . . . . . . . . . . . . . . . . . . . iii, 4

28 U.S.C. § 1291-1292 . . . . . . . . . . . . . . . . . . . . . . iii

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . iv

21 U.S.C. § 841(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . iv

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . iv, 2, 4

18 U.S.C. § 924(c) . . . . . . . . . . . . . . . . . . . . . . . iv

18 U.S.C. § 924(a)(2) . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 2255(f)(1) . . . . . . . . . . . . . . . . . . . . 3, 4

28 U.S.C. § 2255(h)(1) . . . . . . . . . . . . . . . . . . . . 3, 4

28 U.S.C. § 2255(h)(2) . . . . . . . . . . . . . . . . . . . . 3, 4

28 U.S.C. § 1746 . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF THE CASE

On January 11, 2018, a Federal grand jury in Bronard County, Florida returned a two (2) count indictment against the Petitioner, charging him with possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count one), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(c). Petitioner has exhausted all of his remedies and now pursues this Title 28 U.S.C. § 2241(c)(3) Motion/Petition/Memorandum of Law, based on his actual, factual, and legal innocence.

UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA (TAMPA DIVISION)


John E. Bradham,
 Petitioner,


v.                                          Case No.: 18-60009-CR-COHN/SELTZER


United States of America,
 Respondent.

_____/


TITLE 28 U.S.C. § 2241(c)(3) MOTION/
PETITION/MEMORANDUM OF LAW


    COMES   NOW,   Petitioner   files   this   Title   28   U.S.C.   §   2241(c)(3)
Motion/Petition/Memorandum of Law, Pro-se. Petitioner is a layman of the law,
unskilled in the law, and therefore, requests that this Motion be construed
liberally. **Haines v. Kerner,** 404 U.S. 519 (1972).

### Argument One

Whether the Petitioner is actually innocent of his **Rehaif v. United States**, 139 S. Ct. 2191 (2019) claim.

————————————————

Petitioner states to the Honorable Court that he is actually innocent of his **Rehaif v. United States**, 139 S. Ct. 2191 (2019) claim because of the following reasons:

(1) According to **Rehaif**, in regards to Title 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon to possess a firearm, but that is only subsection "g." Title 18 U.S.C. § 922(g) subsection has no mens rea requirement, but derives the mens rea requirement from Title 18 U.S.C. § 924(a)(2), which applies the term "knowingly." In 18 U.S.C. § 922(g) and 924(a)(2), there are four (4) prongs which are as follows:

(1) status element
(2) possession element
(3) jurisdictional element
(4) firearm element

In the past, the government in its jury instructions has stated that they only had to meet the possession of violating 18 U.S.C. § 922(g) and 924(a)(2). The Supreme Court held that to convict a defendant of violating § 922(g) and 924(a)(2), the government was required to prove all four (4) of the above stated elements read in the statute. The term "knowingly" is read and must be applied to all the subsequent listed elements of the crime. Therefore, this violates the Petitioner's Fifth and Sixth Amendment rights to due process and the element clause, which violates **Rehaif**, supra.

In addition, the government has been setting forth unconstitutional convictions in violation of **Rehaif**, supra. Petitioner is therefore serving an unconstitutional conviction and sentence. The government violated the Petitioner's due process rights by stating that they only had to meet one (1) prong of the subsequent elements of the crime. The government violated the four required elements stated above, in violation of the Petitioner's Sixth Amendment rights to the element clause to the jury in the Petitioner's jury instructions by not presenting all of the elements to the jury and leaving out the other above stated

2

three elements to the jury required by **Rehaif**, supra.  Four elements in all were required to the jury, but in the Petitioner's case in point, the jury was only given one element and felt that was all that was required of them to convict the Petitioner on, resulting in disregarding the other three required **Rehaif** elements. Therefore, Petitioner can never ever be guilty of an unconstitutional conviction and sentence.

Petitioner now pursues this issue as an unconstitutional violation of the Petitioner's Fifth and Sixth Amendment rights under the United States Constitution to the Petitioner's **Rehaif** claim.

Petitioner never required real notice of the nature of the charge against him, according to **Rehaif**, nor to all of the elements of the charged offense.  In light of **Rehaif**, the Petitioner's indictment is invalid, faulty, and did not set out all of the essential elements of the offense, leaving out three additional elements of the offense charged and to the jury, thereby also causing the jury instructions to be structurally and fundamentally erred in violation of the Petitioner's Fifth and Sixth Amendment rights under the United States Constitution.  **United States v. Wary**, 106 F.2d 28, 30 (2nd Cir. 1939); **Carper v. Ohio**, 27 Ohio St. 572, 575-576 (1875); **Commonwealth v. Hindu**, 101 Mass. 209, 210 (1869).

Petitioner is actually innocent of his charged offense, according to **Rehaif**, supra.  **Poindexter v. Nash**, 333 F.3d 372, 378 (2nd Cir. 2003); **In re Jones**, 226 F.3d 328, 333-334 (4th Cir. 2000); **Wooten v. Cauley**, 677 F.3d 303, 307-308 (6th Cir. 2012); **Brown v. Carsway**, 719 F.3d 583, 586-587 (7th Cir. 2013); **Abdullah v. Hedrick**, 392 F.3d 957, 963-964 (8th Cir. 2004); **Marrero v. Ives**, 682 F.3d 1190, 1192 (9th Cir. 2012); **In re Smith**, 285 F.3d 618, 350 U.S. App. D.C. 354 (D.C. 2002); **Nelson v. Campbell**, 541 U.S. 637 (2004); **Boumediene v. Bush**, 553 U.S. 723, 726 (2008); **Ins v. St. Cyr**, 553 U.S. 289, 302 (2001); **Bailey**, 516 U.S. 137 (1995); **Bousley**, 529 U.S. 614-620 (1998); **Zaduydas v. Davis**, 533 U.S. 678 (2001); **Warvaez v. U.S.**, 674 U.S. 621-629 (9th Cir. 2011); and **Hill v. Masters**, 836 F.3d 591, 592 (6th Cir. 2016).

Petitioner cannot file a Title 28 U.S.C. § 2255(f)(1) Motion because those remedies were already exhausted and cannot be reexhausted.  Petitioner cannot file a successive nor second 2255(h)(1) nor (h)(2) Motion, because his claim is not a newly discovered 2255 Motion claim that would have acquitted the Petitioner nor

can the Petitioner file a 2255(h)(2) because his claim is not a constitutional change in the law. Therefore, a second and successive 2255 Motion is inadequate to test the legality of the Petitioner's definition. A 2241(c)(3), through the portal avenue of a § 2255(e) Motion is the only avenue by which the Petitioner may or can proceed with through entry of this Honorable Court. Petitioner could not have pursued this claim through the Appeal stages in his case, nor during trial, nor during sentencing, because he was prevented from doing so by settled law at the time, settled law of this Circuit, until **Rehaif v. United States**, 139 S. Ct. 2191 (2019) overturned that Circuit law, and now allows the Petitioner to enter this court, based on his actual, factual, lawful, and legal innocence. The U.S. Supreme Court has not, through a substantial change in the law, established the legality of the Petitioner's claim, through **Rehaif**, supra. The substantive change in the law by **Rehaif** has changed the law in the Petitioner's case in point to the extent that his conduct for his Title 18 U.S.C. § 922(g)(1) charge is no longer deemed to be criminal. However, Petitioner cannot satisfy the gateKeeping provisions of § 2255(f)(1) nor 2255(h)(1) and (h)(2), as he has already explained why to this Honorable Court.

Petitioner's conviction and sentence is therefore a fundamental defect through no fault of his own in which is a miscarriage of justice.

Due to the substantive change and retroactive substantive change in the law, the Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect and a manifest injustice, according to **Rehaif**, supra.

### CONCLUSION

Petitioner requests a remand of his unconstitutional sentence and conviction based on all of the above stated reasons.

Respectfully,

John E. Bradham #17035-104

Dated: 3-5-23

4

## CERTIFICATE OF SERVICE

I, John E. Bradham, duly swear under the penalty of perjury that I sent a true and correct copy of this Title 28 U.S.C. § 2241(c)(3) Motion/Petition/Memorandum of Law to the Clerk of Court in the Middle District of Florida (Tampa Division) in Tampa, Florida.  28 U.S.C. § 1746.

Respectfully,

John E. Bradham #17035-104

Dated: 3-5-23

Mail Box Rule
Lack v. Houston, 487 U.S. 266 (1988)

28 U.S.C. § 1746